IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES LEROYE JEFFERSON,

    Plaintiff,                    No. CIV S-09-3008 FCD KJM P

    vs.

AUDREA PEREZ, et al.,         <u>ORDER AND</u>

    Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

                           /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The complaint currently pending is plaintiff's second amended complaint. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

(2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's second amended complaint so vague and conclusory that it fails to state a claim upon which relief can be granted.  Plaintiff alleges that he was sexually assaulted, apparently by two other inmates, but does not explain how the named defendants, who are correctional officers, were involved.  He also alleges that he received "little treatment" for the injuries, but again does not link the defendants with the inadequate medical care.  Finally, he alleges that defendant Pompey beat him, destroyed his property and had plaintiff moved from one prison to another.  Neither the destruction of property nor a change of housing states a claim under the civil rights act and should not be included in any amended complaint.  Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31(1986); Olim v. Wakinekona , 461 U.S. 238, 247-48 (1983) (no right to incarceration in particular prison).  Finally, plaintiff appears to allege that the defendants have not responded to his grievances and have falsified the dates on some of them.  Because there is no constitutional right to a grievance process, any inadequacies in the handling of grievances does not state a claim under the civil rights act.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 846 F.2d 589 (9th Cir. 1988) (no right to a grievance procedure).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

1  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
2  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
3  there is some affirmative link or connection between a defendant's actions and the claimed
4  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
5  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
6  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
7  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
9  order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an
10 amended complaint be complete in itself without reference to any prior pleading.  This is
11 because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux
12 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
13 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
14 original complaint, each claim and the involvement of each defendant must be sufficiently
15 alleged.

16 Plaintiff has sought several extensions of time in which to file his motion to
17 proceed in forma pauperis; these will be granted and the current application deemed timely.

18 Plaintiff has filed a document he calls "motion to dismiss."  Although it is
19 difficult to decipher, it appears that plaintiff seeks to dismiss an action pending in the Northern
20 District.  This court has no jurisdiction over a case in the Northern District.

21 Finally, plaintiff has filed a "motion for a court order."   Although this, too, is
22 difficult to decipher, it appears that plaintiff seeks an order preventing a transfer to CSP-Folsom.
23 It is not clear, however, that such a transfer has been approved or is imminent.

24 In accordance with the above, IT IS HEREBY ORDERED that:

25 1. Plaintiff's requests for leave to proceed in forma pauperis (docket nos. 17, 24
26 & 25) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's second amended complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's motion to dismiss (docket no. 11) is denied.

6. Plaintiff's motions for extensions of time (docket nos. 16, 20, 21 & 22) are granted.

IT IS HEREBY RECOMMENDED that plaintiff's motion for a court order (docket no. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2010.

_____
U.S. MAGISTRATE JUDGE

2/jeff3008.14