IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. JEFFERSON

        Plaintiff,                     No. CIV S-09-3008 GEB CKD P

   vs.

A. PEREZ, et al.

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983.  On August 26, 2010, the court screened the third amended complaint under 28 U.S.C. § 1915A and found that plaintiff had stated three causes of action: (1) against defendant Perez, alleging that she told other inmates that plaintiff was a "snitch"; (2) against defendant Providence, alleging that he falsified an interview and investigation and kept plaintiff in administrative segregation ("ad-seg") in retaliation for plaintiff's refusal to drop a grievance against another correctional officer; and (3) against defendant Pompey, alleging that he "roughed up" plaintiff in his cell.  See Order at 2 (Docket No. 40).  Those three defendants were served with and answered the third amended complaint.  The court set a discovery period, which has now expired, and defendants have collectively moved for summary judgment.  Plaintiff has filed numerous motions of his own and an opposition to the motion for summary judgment.

1

I. Defendants' motion for summary judgment

All three defendants were correctional officers at California Medical Facility (CMF) while plaintiff was incarcerated there. They submit as their primary basis for summary judgment plaintiff's failure to respond to any of the requests for admission that defendants propounded upon him during discovery. They argue that all of those requests are now deemed admitted under Rule 36(a)(3), so "it is absolutely clear " that they did not violate plaintiff's constitutional rights. Defs.' Memorandum at 8 (Docket No. 60).

Defendants' reliance on requests for admission that, once unanswered, translate into "deemed" concessions of plaintiff's entire case causes the court some concern. Given plaintiff's numerous motions and his timely opposition to the motion for summary judgment, it is apparent that he has no intention of abandoning his case. It is less than apparent, however, that plaintiff appreciates the impact that deemed admissions could have on his claims.[1] At least one other court in this circuit, relying on Ninth Circuit case law, has fashioned some protection for pro se prisoner plaintiffs who diligently prosecute their case but might not know the ramifications of failing to respond to requests for admission:

> In Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988), the Ninth Circuit held that a pro se prisoner is entitled to fair notice of the requirements to oppose summary judgment before granting summary judgment against the prisoner. Likewise, this Court holds that pro se prisoners are entitled to notice that matters found in requests for admission will be deemed admitted unless responded to within 30 days after such requests have been served. Without such notice, pro se prisoners will most likely not be aware that failure to respond to a request for admission would result in the admission of the matters contained in the request. To hold otherwise would allow parties opposing pro se prisoner complaints to use Rule 36 procedures as a snare which prevents pro se prisoners from opposing summary judgment. Even if the prisoner is notified of the requirements of the summary judgment rule as required by Eikenberry, the pro se prisoner may not be able to

---

[1] That impact is particularly grave here. All three defendants propounded the same request for plaintiff to admit outright that they did not violate any of his constitutional rights – a legal concession that would eviscerate plaintiff's claims immediately and vault this case to dismissal on a technicality instead of a considered analysis of the merits of summary judgment.

> oppose summary judgment because all material facts will have been deemed admitted if the unwary prisoner fails to respond to a previous request for admission.
>
> Therefore, before a matter may be deemed admitted against a pro se prisoner for failure to respond to a request, the request for admission should contain a notice advising the party to whom the request is made that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters shall be deemed admitted unless said request is responded to within thirty (30) days after service of the request or within such shorter or longer time as the court may allow.

Diggs v. Keller, 181 F.R.D. 468, 469 (D.Nev.1998).

When the court ordered the U.S. Marshal to serve the third amended complaint on defendants, it gave plaintiff notice that failure to oppose a motion for summary judgment could be construed as a waiver of the motion. See Order at 3 (Docket No. 42). No such notice concerning the failure to answer requests for admission has ever issued, however. Nor did defendants inform plaintiff of the effect of a "deemed" admission under Rule 36 (a)(3) when they propounded their requests. There is some inconsistency, if not unfairness, in allowing "deemed" admissions to stand as the sole basis of summary judgment against a pro se plaintiff without notice when that plaintiff has heeded the notice not to let a motion for summary judgment go unopposed. The practice established by the District of Nevada in Diggs is a sound one because, as the Diggs court put it, "[e]ven if the prisoner is notified of the requirements of the summary judgment rule as required by Eikenberry, the pro se prisoner may not be able to oppose summary judgment because all material facts will have been deemed admitted if the unwary prisoner fails to respond to a previous request for admission." Id. That is the case here.

It also appears that plaintiff might be unable to oppose summary judgment on the merits because of his inability to articulate an effective prosecution of his case. The court has previously denied plaintiff's motions for appointment of counsel, but, after reviewing plaintiff's opposition to the motion for summary judgment, and mindful of the effect of plaintiff's "deemed" admissions, the court concludes that judicial efficiency and fairness are best served if

3

plaintiff clarifies his intent with respect to the requests for admissions, and that he does so with the aid of counsel.  Therefore, the court will grant a limited appointment of counsel for plaintiff, will deny the motion for summary judgment without prejudice, and will set a new schedule. John S. Cramer, who has been selected from the court's pro bono attorney panel, will be appointed.

The new schedule will be as follows: plaintiff will have forty-five days from the entry of this order in which to either move for withdrawal or amendment of his deemed admissions or inform the court that he wishes to rest on them as deemed.  Plaintiff should also state whether he believes re-opening the discovery period is warranted as to any of his three claims, and if so, which ones.[2]  Defendants will have fourteen days in which to respond to plaintiff's submissions in response to this order.

Once the parties submit their positions on whether plaintiff's admissions should be withdrawn, amended or admitted and whether additional discovery is warranted, the court will decide the status of plaintiff's deemed admissions and consider whether to re-open discovery.

II.     Plaintiff's miscellaneous motions

Plaintiff has also filed six motions related to discovery.  All of them were filed after the close of the discovery period set by the original scheduling order and therefore cannot be granted without a showing of good cause.  The court will deny them all without prejudice to their possible renewal, in the event the court later decides to re-open discovery.

////
////
////
////

---

[2] All counsel are reminded that Fed. R. Civ. P. 11 remains in full effect upon this appointment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's discovery motions (Docket Nos. 52, 56, 57, 61, 65 and 67) are denied without prejudice.

2. Plaintiff's motion for appointment of counsel (Docket No. 47) is granted.

3. John S. Cramer is appointed as counsel in the above entitled matter for the limited purpose of complying with this order with respect to the requests for admission, conducting discovery in the event the court re-opens discovery, and filing or opposing dispositive motions, if any.

4. John S. Cramer shall notify Sujean Park, at (916) 930-4278 or via email at spark@caed.uscourts.gov, if he has any questions related to the appointment.

5. The Clerk of the Court is directed to serve a copy of this order and findings and recommendations upon John S. Cramer, Post Office Box 83, Carlsbad, California 92018.

6. Plaintiff's motion for appointment of counsel (Docket No. 50) is moot.

7. The motion for summary judgment (Docket. No. 60) is denied without prejudice subject to its renewal after resolution of the admissions issue.

8. The court sets a new schedule for this case as follows:

   a. Within forty-five days, plaintiff, acting through counsel, shall either move for withdrawal or amendment of his deemed admissions or inform the court that he wishes to rest on them as deemed. Plaintiff should also state whether he believes re-opening the discovery period is warranted as to any of his three claims, and if so, which ones.

   b. Defendants will have fourteen days in which to respond to the papers plaintiff files in compliance with this order.

Dated: October 7, 2011

                                        _/s/ Carolyn K. Delaney_
                                        CAROLYN K. DELANEY
                                        UNITED STATES MAGISTRATE JUDGE

3 - jeff3008.57