IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. JEFFERSON

      Plaintiff,                            No. CIV S-09-3008 GEB CMK P

   vs.

A. PEREZ, et al.

      Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He has filed five motions for a preliminary injunction. Two of them allege harassment by an unnamed party, presumably at Donovan State Prison, where he is now housed. See Docket Nos. 48 and 49. The other three vaguely complain that defendants' attorneys are improperly interfering with plaintiff's efforts to prosecute his case. See Docket Nos. 55, 57 and 67.

       A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary

1

1  injunction represents the exercise of a far reaching power not to be indulged except in a case
2  clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The
3  proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is
4  likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
5  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
6  public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter
7  v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008). In cases brought
8  by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly
9  drawn, extend no further than necessary to correct the harm the court finds requires preliminary
10 relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

11         Plaintiff cannot enjoin persons who are not defendants in the underlying action by
12 making vague allegations that are not related to the operative complaint. "Unrelated claims
13 against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th
14 Cir. 2007). Moreover, plaintiff seeks no specific relief by the court in any of his motions for
15 injunctive action. Therefore all of the motions for a preliminary injunction should be denied.

16         Accordingly, IT IS RECOMMENDED that plaintiff's motions for preliminary
17 injunction (Docket Nos. 48, 49, 55, 57 and 66) be denied.

18         These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
20 one days after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties. Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
23 shall be served and filed within fourteen days after service of the objections. The parties are
24 \\\\
25 \\\\
26 \\\\

1. advised that failure to file objections within the specified time may waive the right to appeal the
2. District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3. Dated: October 7, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
jeff3008.57.wpd