IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. JEFFERSON

       Plaintiff,                        No. CIV S-09-3008 GEB CKD P

    vs.

A. PEREZ, et al.

       Defendant.              ORDER

_____/

        Plaintiff is a state prisoner proceeding with counsel in an action under 42 U.S.C. § 1983.  On October 7, 2011, the court appointed plaintiff counsel for the purposes of (1) deciding whether to rest on plaintiff's unanswered requests for admissions or to seek amendment of those "deemed" admissions; (2) informing the court whether plaintiff seeks to re-open discovery; (3) conducting discovery in the event it is re-opened; and (4) filing or opposing dispositive motions, if any.  See Order at 5 (Docket No. 71).  Plaintiff, acting through counsel, has submitted an "amendment of admissions," effectively seeking to withdraw the non-responses that automatically became "deemed" admissions pursuant to Fed. R. Civ. P. 36(a)(3) and to substitute substantive denials in their place, as allowed at the court's discretion under Fed. R. Civ. P. 36(b). Plaintiff states he does not seek to re-open discovery.

        Defendants oppose allowing plaintiff to submit amended responses to their requests for admissions.  In the alternative, they ask to re-open discovery for the purposes of

1

deposing plaintiff and permitting him to respond to interrogatories they have already propounded.

### I. Rules and standards governing requests for admissions

Although requests for admissions under Fed. R. Civ. P. 36 are governed by the same relevance standards set in Fed. R. Civ. P. 26(b), such requests are not, strictly speaking, discovery devices, since they presuppose that the propounding party knows or believes the facts sought and merely seeks a concession on that fact from the other party. See Workman v. Chinchinian, 807 F.Supp. 634, 647 (E.D. Wash. 1992) (Rule 26 relevance standards apply); Misco, Inc. v. United States Steel Corporation, 784 F.2d 198, 205 (6th Cir. 1986) (not a discovery device) (citing Wright & Miller, Federal Practice and Procedure § 2254). Because admissions are designed to limit factual issues in a case,

> the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification. . . . To facilitate clear and succinct responses, the facts stated in the request must be singularly, specifically, and carefully detailed.

Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003). Moreover, requests for admissions should not contain "compound, conjunctive, or disjunctive . . . statements." U.S. ex rel. England v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006). However, "when the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request." Id. Finally, requests for admissions should not be used to establish "facts which are obviously in dispute," Lakehead Pipe Line Co. v. American Home Assur. Co., 177 F.R.D. 454, 458 (D. Minn. 1997), to "demand that the other party admit the truth of a legal conclusion," even if the conclusion is "attached to operative facts," or to ask the party to admit facts of which he or she has no special knowledge. Disability Rights Council v. Wash. Metro. Area, 234 F.R.D. 1, 3 (D.C. Cir. 2006).

When a party fails to timely respond to requests for admissions, those requests are automatically deemed admitted. See Fed. R. Civ. P. Rule 36(a). "Any matter admitted under

this rule is conclusively established unless the Court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. Rule 36(a). The Rule gives a district court discretion to grant relief from an admission made under Rule 36(a) if (1) "it would promote the presentation of the merits of the action" and (2) "'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" Fed. R. Civ. P. 36(b); Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007) (internal citations omitted).

"The first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case." Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). For example, in Conlon, the plaintiff failed to respond to requests for admissions and thereby admitted his damages were not caused by the wrongful acts of the defendant. "[T]he deemed admissions eliminated any need for a presentation on the merits" and therefore satisfied the first prong of the standard for granting relief from deemed admissions. Conlon, 474 F.3d at 622.

Under the second half of the Rule 36(b) test, "[t]he party relying on the deemed admission has the burden of proving prejudice." Conlon, 474 F.3d at 622. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." Hadley, 45 F.3d at 1348, citing Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982). The party who obtained the admission has the burden of proving that the withdrawal of the admission would prejudice the party's case.

II.   Plaintiff's proposed amendments to his admissions

Before the court appointed counsel for him, plaintiff failed to respond to defendants' requests for admissions. However, in its order appointing counsel and allowing

3

plaintiff additional time to file amended responses, the court found that "[p]laintiff's numerous motions and his timely opposition to the motion for summary judgment make it apparent that he has no intention of abandoning his case. It is less than apparent, however, that plaintiff appreciates the impact that deemed admissions could have on his claims." Order at 2.[1]

The factors set forth in Rule 36(b) weigh in favor of granting plaintiff relief from the deemed admissions. First, as to the effect that deemed admissions would have on the presentation of the merits of the case, all three defendants propounded the same request for plaintiff to admit they did not violate any of his constitutional rights – a legal conclusion that would eviscerate plaintiff's claims immediately and vault this case to dismissal on a technicality instead of a considered analysis of the merits of summary judgment. Allowing defendants to establish blanket legal conclusions on "deemed" admissions by a plaintiff who was, at the time he failed to respond to those requests, acting pro se would circumvent an examination of the merits of his claims and offend basic notions of fairness in litigation. As stated above, requests for admissions that seek to establish legal conclusions or render undisputed the disputed material facts of a case are per se impermissible. Finally, the court finds no prejudice to defendants' in allowing the amended admissions if defendants are granted their request for a re-opened discovery period, followed by time to file dispositive motions, if necessary. Indeed the court will order exactly that.[2]

---

[1] In so ordering, the court followed the reasoning in Diggs v. Keller, 181 F.R.D. 468 (D.Nev.1998). That court relied on Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988), in which the Ninth Circuit held that a pro se prisoner is entitled to fair notice of the requirements to oppose summary judgment before granting summary judgment against the prisoner. Diggs extended that reasoning in ruling that "before a matter may be deemed admitted against a pro se prisoner for failure to respond to a request, the request for admission should contain a notice advising the party to whom the request is made that, pursuant to Rule 36 of the Federal Rules of Civil Procedure[.]" Diggs, 181 F.R.D. at 469. The plaintiff received no such notice here.

[2] The court's appointment of John S. Cramer as counsel for plaintiff will therefore remain in effect. His appointment will terminate upon the expiration of the deadline for filing dispositive motions or upon the conclusion of briefing for any such motions, whichever occurs later.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amendment to admissions (Docket No. 78), construed by the court as a motion to amend admissions under Fed. R. Civ. P. 36(b), is granted. Plaintiff's deemed admissions are withdrawn and the amended admissions are in effect.

2. Discovery is re-opened, commencing on the date of the entry of this order and ending sixty days thereafter.

3. The parties shall have thirty days after the close of discovery in which to file dispositive motions.

Dated: February 29, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
jeff3008.ord